OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, Jennifer Leek ("Leek"), appeals the judgment entered by the Trumbull County Court of Common Pleas, Juvenile Division. The trial court adopted a shared parenting plan submitted by appellee, Neil Russo ("Russo").
 {¶ 2} Leek and Russo had a relationship, lived together, but were never married. The parties have one child together, Gianna, who was born in February 2001. In addition, Leek had an older child, a son, from a previous relationship. In September 2002, the relationship deteriorated, and Leek moved out of Russo's residence. She moved into her parents' residence with her son and Gianna.
 {¶ 3} After moving out of Russo's residence, Leek sought child support for Gianna. As a result of these proceedings, Russo was paying child support to Leek until April 2004. In November 2002, Russo initiated the instant action seeking allocation of parental rights and responsibilities. Russo submitted two versions of a proposed shared parenting plan. The first was filed in February 2003, and the second, captioned as an "amended motion for shared parenting," was filed in November 2003. Leek did not submit a plan.
 {¶ 4} A guardian ad litem was appointed. He visited with both parties. He submitted a report indicating that both Leek and Russo were qualified to take care of Gianna. He recommended that the proposed parenting plan submitted by Russo be adopted.
 {¶ 5} A hearing was held before a magistrate on April 18, 2004. Several witness testified at the hearing, including Leek and Russo. Russo testified that he owns his own home, which has a separate bedroom for Gianna. In addition, he is on disability leave from his job with the city of Niles. He testified that he was a line worker and part of his job was to climb utility poles. Due to a back injury, he can no longer perform that specific job. However, he stated he does not have difficulty with day-to-day activities such as laundry, cooking, and caring for Gianna.
 {¶ 6} After leaving Russo's residence, Leek moved in with her parents. At the time of the hearing, she shared a bedroom with Gianna, her parents had their own room, and her son had his own room. She indicated that she was planning on buying the home from her parents upon their retirement. Leek works as an office assistant. Her hours are 7:30 a.m. to 4:00 p.m., Monday through Friday.
 {¶ 7} On April 28, 2004, the magistrate issued a decision, wherein it adopted Russo's February 2003 proposed shared parenting plan. The magistrate's decision indicated that the child support and tax exemption issues would be decided at a later time. That same day, the trial court adopted the magistrate's decision in its totality. Leek filed objections to the magistrate's decision on May 5, 2004. On June 16, 2004, the trial court overruled her objections and adopted the magistrate's decision.
 {¶ 8} On June 16, 2004, the magistrate issued a decision ordering Leek to pay $200 per month in child support. On June 17, 2004, the trial court adopted this magistrate's decision. Leek did not file objections to the June 16, 2004 magistrate's decision, nor has she appealed the June 17, 2004 judgment entry to this court.
 {¶ 9} On June 25, 2004, Leek filed a "motion for more definite statement." Therein, she asks the court to void the February 2003 shared parenting plan due to typographical errors, a provision indicating the plan will not take effect until she and Gianna leave her residence, and the order requiring her to pay child support. On July 26, 2004, the trial court issued a judgment entry correcting a typographical mistake in the shared parenting plan. In addition, the judgment entry indicated the child support order was retroactive to May 1, 2004, the date of the adoption of the shared parenting plan.
 {¶ 10} On July 12, 2004, Leek timely appealed the trial court's June 16, 2004 judgment entry to this court.
 {¶ 11} Leek raises two assignments of error. Her first assignment of error is:
 {¶ 12} "The trial court erred, to the detriment of appellant-mother in deciding that the best interest of the minor child, Gianna Russo, age 3, was to reside with appellee-father."
 {¶ 13} Prior to addressing Leek's assigned error, we will address Russo's contention that Leek is precluded from raising this issue on appeal. Russo claims Leek failed to file a transcript at the trial court level, thus she has waived this issue on appeal.
 {¶ 14} Russo cites Civ.R. 53(E)(3)(c) in support of his argument. We note that this matter was a juvenile court proceeding, therefore, Juv.R. 40(E)(3)(c) is the applicable rule. However, the language of these rules is verbatim. Both provide "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 {¶ 15} Leek, in anticipation of filing subsequent objections or an appeal, filed a motion to have a court reporter present at the magistrate's hearing and for the resulting transcript to be the official transcript of the proceedings. The trial court permitted Leek to have a court reporter at the hearing, but ruled that the videotaped transcript would be the official transcript of the proceedings. The record indicates Leek ordered a copy of the videotape for purposes of appeal on July 12, 2004. However, the record before this court does not indicate at what time the videotape was made available to the trial court. The trial court indicated that it independently reviewed the record. Thus, with no evidence to the contrary, we will assume the trial court properly reviewed the videotaped transcript. Juv.R. 40(E)(3)(c) does not specifically require the transcript be in writing. As such, the videotaped copy provided at the trial court level was sufficient.
 {¶ 16} On appeal, pursuant to App.R. 9(A), Leek was required to have the videotaped transcript printed for this court's review. Leek submitted a written transcript of the proceedings. We are unable to conclusively determine whether this transcript was taken from the videotape or, instead, was taken directly from the hearing.
 {¶ 17} However, because Leek made diligent efforts to have a proper transcript available, and Russo has not demonstrated any material differences in the transcript filed with this court and the videotaped version, we will proceed to Leek's assigned errors.
 {¶ 18} A trial court is afforded wide latitude in making determinations regarding custody matters under R.C. 3109.04.[1]
Accordingly, such decisions will not be reversed unless there is a showing of an abuse of discretion.[2] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unreasonable."[3]
 {¶ 19} "(2) In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in division (F)(1) of this section, the factors enumerated in section 3119.23 of the Revised Code, and all of the following factors:
 {¶ 20} "(a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;
 {¶ 21} "(b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;
 {¶ 22} "(c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent;
 {¶ 23} "(d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting;
 {¶ 24} "(e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem."[4]
 {¶ 25} R.C. 3109.04(F)(1) provides:
 {¶ 26} "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 27} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 28} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 29} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 30} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 31} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 32} "(f) The parent more likely to honor and facilitate court-appointed parenting time rights or visitation and companionship rights;
 {¶ 33} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 34} "(h) [Not applicable];
 {¶ 35} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 36} "(j) Whether either parent has established a residence or is planning to establish a residence, outside this state."
 {¶ 37} R.C. 3119.23 provides for deviation from the child support schedule and is not directly relevant to this appeal.
 {¶ 38} The guardian ad litem indicated that both parties could adequately care for Gianna. However, he recommended the shared parenting plan submitted by Russo be adopted. His recommendation was based, in part, on Russo's ability to care for Gianna during the day. The guardian ad litem believed it was better to have a parent care for the child than another individual.
 {¶ 39} Leek argues that the trial court essentially based its decision on the fact that she was working and Russo was not. Again, the testimony presented at trial indicates that both parents are qualified to care for Gianna and neither of them have any significant negative qualities on this issue. However, the child could not be with each of the parties as much as he or she would have liked. The trial court needed to make a determination regarding parenting time. Where the child spent her time during the day was a relevant factor requiring the trial court's consideration. The guardian ad litem concluded that it would be in the best interest of the child to spend that time with Russo, rather than being watched by a non-parent relative or going to day care. Presumably, the magistrate and, subsequently, the trial court relied on this conclusion in rendering their decisions. As this was a relevant factor regarding the care of Gianna, we cannot say the trial court's consideration of this factor was an abuse of discretion.
 {¶ 40} Moreover, the shared parenting plan adopted by the court provides that Leek has visitation the first three weekends of the month from 6:00 p.m. Friday through 8:00 a.m. Monday. In addition, she has visitation from 4:30 p.m. to 7:30 p.m. on Tuesdays and Thursdays. These visitation periods allow for significant interaction between Gianna and Leek.
 {¶ 41} The trial court did not abuse its discretion by adopting the shared parenting plan submitted by Russo.
 {¶ 42} Leek's first assignment of error is without merit.
 {¶ 43} Leek's second assignment of error is:
 {¶ 44} "The trial court erred, to the detriment of appellant-mother, by amending appellee's shared parenting plan to such a degree that the magistrate in effect wrote his own plan, contrary to law."
 {¶ 45} Leek points to three instances in which she claims the trial court amended the shared parent plan. They include: (1) changing the child support requirements from Russo to Leek; (2) altering the visitation times; and (3) changing the effective date of the plan.
 {¶ 46} The trial court did not determine child support in its June 16, 2004 judgment entry. Rather, the court indicated the child support and tax exemption issues would be addressed at a later time. In fact, the trial court issued a judgment entry the following day determining child support. However, Leek did not appeal this judgment. Therefore, this court is without jurisdiction to consider this argument.
 {¶ 47} Leek claims the trial court changed the residential parenting time from what was provided in the proposed parenting plan. Neither the magistrate's decision nor the trial court's judgment entry references specific parenting times. Thus, the times set forth in the February 2003 shared parenting plan, the first three weekends of each month and Tuesday and Thursday evenings, are Leek's parenting times with Gianna.
 {¶ 48} Finally, Leek contends the trial court erred by changing the effective date of the plan. The proposed plan submitted by Russo indicated the plan would not take effect "until the mother and minor child vacate the residence [Leek's parents' address]." The trial court was well within its discretion to indicate the plan would take effect on a date certain, April 30, 2004, rather than an indefinite date in the future. In fact, at the hearing, Leek indicated it was her intention to buy her parents' house upon their retirement. If she followed through on this intention, she might never move out of the residence.
 {¶ 49} Leek's second assignment of error is without merit.
 {¶ 50} The judgment of the trial court is affirmed.
Rice, J., O'Toole, J., concur.
[1] See, e.g., Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one and two of the syllabus.
[2] Id. at 418, citing Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] R.C. 3109.04(F)(2).